UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPORTS MARKETING MONTERREY GROUP LLC,<br><br>Plaintiff,<br><br>v.<br><br>SOCIOS SERVICES US INC., *et al*.,<br><br>Defendants. | Case No. 22-cv-08939-SI<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR EXPEDITED DISCOVERY AND TO MODIFY THE BRIEFING AND HEARING SCHEDULE ON MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 30 |

On January 13, 2023, the Court held a hearing on defendants' motion for expedited discovery and to modify the briefing and hearing schedule on plaintiff's motion for a preliminary injunction.

Defendants seek to propound ten requests for production of documents that they assert are necessary in order to defend against the preliminary injunction motion, and they request that the briefing and hearing schedule be extended to permit that discovery. Defendants argue that the requests are narrowly tailored because, for example, some of them seek "documents sufficient to show" rather than "all documents." Defendants also contend that the discovery is necessary because plaintiff's evidence in support of the motion for preliminary injunction is vague as to a number of issues, such as information about the types of "fan engagement opportunities" that plaintiff offers and when plaintiff first became aware of socios.com.

Plaintiff opposes, arguing that defendants have not demonstrated good cause because, *inter alia*, the discovery is burdensome and not narrowly tailored to issues raised by the preliminary injunction motion, and because defendants can oppose the motion by arguing that plaintiff has not met its burden rather than by conducting merits discovery. Plaintiff has also attached to its opposition additional evidence addressing some of the topics covered by the document requests, and states that it will provide some further discovery on January 16. At the hearing, plaintiff's counsel

also represented that Mr. Villalobos' knowledge of socios.com (which is discussed in his declaration) is plaintiff's knowledge, and that no one at the company was aware of socios.com before Mr. Villalobos. Plaintiff opposes any extension of the briefing and hearing schedule, noting that the parties negotiated the current schedule and that plaintiff had agreed to earlier delays requested by defendants, and that the Major League Season begins on February 24, 2023.

A district court may permit expedited discovery "upon a showing of good cause." *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id*. To determine whether good cause justifies expedited discovery, courts often consider factors including "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009) (quoting *Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 4, 7 (D.D.C. 2006)).

For the reasons stated at the hearing, the Court DENIES defendants' motion. Plaintiff has voluntarily agreed to provide defendants with a significant amount of the information sought by defendants, and defendants are free to argue that plaintiff has failed to meet its burden to obtain a preliminary injunction because, for example, plaintiff's evidence is too generalized. The Court finds that any further discovery at this juncture is too burdensome and that defendants have not demonstrated good cause. As discussed at the hearing, the Court will grant defendants an extension until January 20, 2023, to file the opposition. The remainder of the preliminary injunction schedule is unchanged. Further, it is the order of the Court that the documents produced by plaintiff shall be "outside counsel's eyes only."

**IT IS SO ORDERED**.

Dated: January 13, 2023

SUSAN ILLSTON
United States District Judge